*28 PARIENTE, J.,
concurring.
I write to respond to Justice Canady’s dissent criticizing what he perceives to be inconsistencies between the approach to whether there is a current medical malpractice crisis in the majority’s opinion in this case and our opinion in Estate of McCall v. United States, 134 So.3d 894 (Fla. 2014), as well as my concurring in result opinion in McCall.[13] The majority opinion in .this case is based on this Court’s reasoning in Franks v. Bowers, 116 So.3d 1240 (Fla. 2013), which held a similar arbitration agreement void as against public policy. Just like in this case, Justice Cana-dy dissented in both McCall and Bowers.
Unlike McCall, this case does not involve an attempt to declare the entire medical malpractice statute unconstitutional; nor does it involve an attack on statutory caps on noneconomic damages.[14] In those contexts, whether a medical malpractice crisis existed or currently exists would be a very relevant consideration.
Rather, at issue in this case is the same type of arbitration agreement that this Court held void as against public policy in Bowers, 116 So.3d 1240. As I explained in my concurrence in Bowers:
It is therefore clear from a full review of the Medical Malpractice Statute that the legislative quid pro quo for patients in exchange for both a substantial limitation on noneconomic damages to a maximum of $260,000 per incident and the right to a jury trial was that a defendant would be required to admit liability. This elearly expressed public policy in the statute, however, has been expressly contravened by the Financial Agreement in this case, which eviscerates statutory rights without providing the injured patient with any of the added benefits or incentives provided for by the Legislature. Further, by requiring arbitration without in turn requiring the counterbalance of the defendant admitting liability, the Financial Agreement undermines the public policy set forth in the statute of reducing attorney’s fees, litigation costs, and delay.
Id. at 1254 (Pariente, J., concurring). The existence or non-existence of a medical malpractice crisis, therefore, does not affect whether an arbitration agreement is void as against public policy. Instead, as the majority concludes in this case, and we held in Bowers, the arbitration agreement at issue is invalid as against public policy because it “change[s] the cost, award, and fairness incentives of the MMA statutory provisions,” which “the Legislature specifically created.” Majority op. at 27, 24-26.
For all these reasons, I concur with the majority opinion.

. See McCall, 134 So.3d at 916 (Pariente, J., concurring in result).

. This was the issue in McCall, in which this Court concluded that the statutory cap on wrongful death noneconomic damages under "section 766.118 violates the Equal Protection Clause of the Florida Constitution under the rational basis test.” 134 So.3d at 905. This is also the issue of another case pending before this Court based on the Fourth District having held the caps on noneconomic damages to be unconstitutional. N. Broward Hosp. Dist. v. Kalitan, 174 So.3d 403 (Fla. 4th DCA 2015) (pending case No. SC15-1858), The Second District Court of Appeal recently agreed with "the Fourth District’s conclusion that the statutory cap on noneconomic damages is unconstitutional” in Port Charlotte HMA, LLC v. Suarez, No. 2D15-3434, 210 So.3d 187, 2016 WL 6246703 (Fla. 2d DCA Oct. 26, 2016).